(No. 23004.—

JAMES A. PATTISON, Appellant, *vs.* THE ILLINOIS BANKERS LIFE ASSOCIATION *et al.* Appellees.

*Opinion filed June 14, 1935.*

HANLEY & RYAN, for appellant.

HUGH T. MARTIN, and BARDENS & MELBURG, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause is here on certificate of importance from the Appellate Court for the Second District to review the judgment of that court affirming the judgment of the circuit court of Warren county. The suit is on a specific provision of an insurance contract issued to the appellant by appellee the Illinois Bankers Life Association and later taken over on re-insurance contract by appellee the Illinois Bankers Life Assurance Company.

The cause was tried in the court below on an agreed statement of facts. Appellees were organized under an act entitled, "An act to incorporate companies to do the business of life or accident insurance on the assessment plan," etc., approved June 22, 1893. (Cahill's Stat. 1933, chap. 73, par. 405 *et seq.*) The provision of the policy upon which the suit is based is as follows: "Upon the assured attaining the age of seventy years total physical disability shall be deemed to exist and on each anniversary of the issuance of this policy thereafter, ten per cent of the face of the policy shall be paid to assured as such age total physical disability benefits until such policy shall be paid to said assured." The policy also contains a provision that if the assured become permanently and totally disabled as result of accident or disease, one-half the policy shall be paid on proof of such disability, remainder to be paid at the death of the assured. It is stipulated that no claim is made under this provision, the one quoted being the sole basis of the suit. The only question in the case is whether the quoted provision of the policy is valid or whether it is *ultra vires* the corporation. The circuit and Appellate Courts held it *ultra vires*. Appellant argues that this provision of the policy is not *ultra vires,* and that, even

though it be so considered, appellees are estopped to plead *ultra vires.*

Section 8 of the act hereinabove referred to, after providing for the accumulation of a reserve or emergency fund and for its maintenance, contains the following proviso: "Nothing contained in this act shall be construed to permit any contract promising any fixed cash payment to any living certificate or policyholder excepting in the contingency of total physical disability." It is stipulated that appellant is not totally disabled physically. Appellant's counsel argue, however, that since under this section of the act payment may be made to the certificate holder in case of total physical disability, it is within the power of the corporation to agree that proof of such total physical disability may be waived. It will be observed, however, that the proviso of section 8 does not have to do with the measure of proof but distinctly prohibits cash payments to any living certificate or policyholder who is not, in fact, totally disabled physically. The plain import of that provision is that the insurer is without power to make promise of such cash payments where there is, in fact, no total physical disability.

The amount involved in this case is the sum of $200, or two yearly payments. Although the case is here on certificate of importance we find no new or novel question in it. The question involved was, in effect, settled in *Rockhold* v. *Canton Masonic Mutual Benevolent Society,* 129 Ill. 440. In that case a certificate was issued to Rockhold providing that on becoming seventy years of age, or if he had been a member in good standing for twenty-five consecutive years, he would be paid a certain sum of money. Rockhold coming within the terms of this certificate, served notice when be became seventy years of age demanding the amount provided under the certificate as due him. It was there held that the provision of the policy was contrary to statutes and the insurer was without power to so agree.

Counsel say, however, that although this agreement be *ultra vires,* appellees having accepted the payment of premiums are estopped to plead *ultra vires* as a defense to appellant's claim. The general rule is that a corporation may not avail itself of the defense of *ultra vires* when a contract has been in good faith performed by the other party and the corporation has received full benefit of that performance, but, as is pointed out in *Fritze* v. *Equitable Building and Loan Society,* 186 Ill. 183, this rule has never been held to have application where the contract is either immoral, illegal or prohibited by statute or where its enforcement would be against public policy. It is, of course, not contended by appellees that the contract in this case is immoral, but it is contended that it is prohibited by statute, and the provisions of the statute herein quoted clearly show that it is.

Whether a corporation is estopped to set up the defense of *ultra vires* depends upon whether the acts are beyond the purpose or powers of the corporation. If the power to make such a contract is entirely wanting there could be no power to ratify it, and such attempted contract could not be given vitality by the acts of parties under it. Powers of a corporation are given it by public law. One dealing with a corporation having limited and delegated powers so conferred is chargeable with notice of them and of the limitations thereon and cannot plead ignorance in avoidance of the defense of *ultra vires.* (*Alton Manf. Co.* v. *Garrett Biblical Institute,* 243 Ill. 298; *Best Brewing Co.* v. *Klassen,* 185 id. 37; *National Home Building Ass'n* v. *Home Savings Bank,* 181 id. 35; *Knass* v. *Madison and Kedzie State Bank,* 354 id. 554.) Appellees had no power to agree to the provision of the policy herein sued upon and are not estopped from raising the defense of *ultra vires.*

The judgment of the Appellate Court is right and is affirmed.